UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HAYES BARKER** | : | **CIVIL ACTION NO. 2:12-cv-** 2877 |
| **VERSUS** | : | **JUDGE MINALDI** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Hayes Barker. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is incarcerated at the Federal Corrections Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court.

### Statement of the Case

Petitioner pled guilty in the Eastern District of Washington on April 17, 1990, to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. He was sentenced petitioner to 360 months imprisonment.

Since his conviction petitioner has filed numerous motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, all of which were denied. The Seventh Circuit documented petitioner's abuse of the judicial process and ultimately fined petitioner $500 fine and conditions on his ability to file papers. *Barker v. U.S.*, No. 06-4280 (7th Cir. 2006).

Petitioner filed the instant application for a writ of habeas corpus on November 8, 2012, and he again attacks his conviction. Specifically, he claims that he is actually innocent of the

charges for which he pled guilty because his alleged supplier was in custody at the time of the offense.

**Law and Analysis**

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition attacks the legality of his incarceration. Because he does not contest the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court

decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.

Petitioner argues in his memorandum in support of the application that the section 2255 remedy is ineffective and inadequate because he was fined $500 and conditions have been placed on his ability to file additional motions. This argument is unavailing. As the Seventh Circuit made clear, the fine and conditions of filing were imposed because petitioner consistently abused the section 2255 remedy. *Barker v. U.S.*, No. 06-4280 (7th Cir. 2006); Doc. 1, att. 3, pp. 1–2. And as the docket sheet also makes clear, petitioner filed a slew of frivolous other motions on a consistent basis over sixteen years. *See USA v. Barker, et al*, 2:90-cr-00022-RTR-1 (E.D. Wisc.). The section 2255 remedy is perfectly effective and adequate when used properly.

Petitioner is not granted a clean slate because he is in a new jurisdiction. The court is cognizant of the fact that petitioner has repeatedly abused the judicial process elsewhere, and the conduct that the Seventh Circuit and Eastern District of Wisconsin found objectionable is equally inappropriate here. *See Bryson v. U.S.*, 553 F.3d 402, n.4 (5th Cir. 2008); *see also Coffman v. Thaler*, CIV.A. H-12-3214, 2012 WL 5456261 (S.D. Tex. Nov. 7, 2012).

### Recommendation

Accordingly, IT IS RECOMMENDED that the application be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that petitioner be warned that future frivolous submissions may result in sanctions, including, but not limited to, a monetary fine and the imposition of conditions on his ability to file any papers with the court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation

to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 20th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE